```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States

    v.                                    Criminal No. 07-cr-22-01-JD

Brandon Prewara


**O R D E R**

On November 1, 2010, defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on two alleged violations of conditions of supervision.  Defendant stipulated to probable cause on the violations.  I therefore find probable cause that defendant has violated the conditions as charged in the petition.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention.  Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community.  Based on the evidence presented at today's hearing, and for the reasons stated on the record, defendant has failed to meet his burden of persuading the court that he poses no danger to himself or to the community.

The court stated on the record its reasons for detaining defendant.  Those reasons are summarized below:

- Since the inception of his supervision, which commenced on March 4, 2009, defendant has engaged in two separate episodes of alcohol-related, dangerous driving.  The first (October 20, 2009) resulted in a serious car accident and the hospitalization of one person.  The second (October 22, 2010) involved defendant leading police on a high speed chase, with defendant traveling speeds in excess of 75 mph.

- Despite the evidence that defendant was under the influence of alcohol on both dates, defendant has maintained, when discussing his behavior with his probation officer, that he does not have an alcohol problem.

- Defendant's dangerous conduct, coupled with his denial that he has an alcohol problem, represents a grave risk to public safety.  The court has considered less restrictive alternatives to detention, but defendant failed to meet his burden of persuading the court by clear and convincing evidence that he would abide by lesser restrictions.

The court finds that there are no conditions or combination of conditions that are likely to assure the safety of the defendant and the community.  Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  November 5, 2010

cc:   James P. O'Rourke, Jr., Esq.
      Robert J. Veiga, Esq.
      U.S. Marshal
      U.S. Probation